NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-827 |
| Plaintiff - Appellee, | D.C. No. 2:20-cr-00034-KJM-1 |
| v. | |
| DERICK LOUANGAMATH, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, Chief District Judge, Presiding

Submitted May 14, 2024[**]
San Francisco, California

Before: LEE and BRESS, Circuit Judges, and TUNHEIM, Senior District Judge.[***]

Derick Louangamath appeals the district court's denial of his motion to

suppress evidence supporting his conviction for being a felon in possession of a

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable John R. Tunheim, United States Senior District Judge for the District of Minnesota, sitting by designation.

firearm, in violation of 18 U.S.C. § 922(g)(1). Louangamath argues that the district court erred in concluding that officers had reasonable suspicion to conduct the traffic stop that led to the search of his vehicle, in which a gun was found. We have jurisdiction under 28 U.S.C. § 1291. "We review the district court's denial of a motion to suppress de novo and its factual findings for clear error." *United States v. Taylor*, 60 F.4th 1233, 1239 (9th Cir. 2023). We affirm.

"[A] police officer may conduct an investigatory traffic stop if the officer has reasonable suspicion that a particular person has committed, is committing, or is about to commit a crime." *United States v. Choudhry*, 461 F.3d 1097, 1100 (9th Cir. 2006) (internal quotation marks omitted). "Officers have reasonable suspicion when specific, articulable facts together with objective and reasonable inferences, form the basis for suspecting that the particular person detained is engaged in criminal activity." *Id.* (internal quotation marks and ellipses omitted). "A traffic violation alone is sufficient to establish reasonable suspicion." *Id.*

After a two-day evidentiary hearing, the district court concluded that officers stopped Louangamath because they reasonably believed he was driving with his high beams on in sufficient proximity to other drivers in violation of California law. *See* Cal. Veh. Code § 24409(a). The district court's reasonable suspicion finding was not "illogical, implausible, or without support in inferences that may be drawn from the record." *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en

2                                                                        23-827

banc).

Both officers involved in the stop testified that, before they stopped Louangamath, they were aware of California's restrictions on high beam usage. Both officers also attested that they believed Louangamath was using his high beams as soon as they observed his vehicle. Indeed, body camera footage from the stop reflects that the first question officers asked Louangamath was whether his high beams were on. The district court did not err in crediting these indicia of the officers' reasonable suspicions. *See Conrad v. United States*, 447 F.3d 760, 768 (9th Cir. 2006) ("When a trial judge's finding is based on his decision to credit the testimony of one of two or more witnesses . . . that finding . . . can virtually never be clear error.") (quoting *Anderson v. City of Bessemer*, 470 U.S. 564, 575 (1985)).

Louangamath argues that the officers' version of events should have been rejected because the officers did not record on their cameras Louangamath's headlights prior to stopping him, nor did they offer Louangamath any signal that his high beams were on. But neither omission undermines the district court's crediting of the officers' testimony. As the officers explained, their dashboard and body cameras typically do not turn on until they activate their patrol lights, and it would have been a "poor tactic" to activate those lights in the crowded parking lot where they first encountered Louangamath. Nor did the officers have any obligation to alert Louangamath of his traffic violation before stopping him.

Louangamath also contends that the real reason officers stopped him was their belief that he belonged to a street gang—a concern that Louangamath suggests would have been top of mind because the officers belonged to an anti-gang enforcement unit and had recently received a bulletin advising of an uptick in violence between local Asian gangs. But both officers testified that they did not remember reading the particular bulletin Louangamath cites and did not suspect that Louangamath held any gang affiliation prior to stopping him. The district court was entitled to credit this testimony. And even if the officers had harbored some belief that Louangamath was a gang member before stopping him, that would not alter the analysis here. "[T]he constitutional reasonableness of traffic stops" does not "depend[] on the actual motivations of the individual officers involved." *Wren v. United States*, 517 U.S. 806, 813 (1996). In this case, the record supports the district court's finding that officers had objectively reasonable suspicion to stop Louangamath for violating the traffic laws.

**AFFIRMED.**